UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Moses K. Shirai,

        Plaintiff,

v.

William Mitchell College of Law and
UNUM Life Insurance Company of
America

        Defendants.

**COMPLAINT**

Civil File No.: _____

---

Moses K. Shirai, the Plaintiff in the above entitled action, as and for his Complaint against the above-named Defendants, states and alleges as follows:

I.

At all times relevant to the pending action, Mr. Shirai was employed in the State of Minnesota by William Mitchell College of Law. At all times relevant hereto, he has been insured under the policy of group long-term disability insurance issued to his employer which is the subject of this action, as more fully described hereinafter and incorporated by reference and attached hereto as Complaint Exhibit 1.

II.

Jurisdiction. This action involves an employee LTD benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. Accordingly, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

III.

Defendant, William Mitchell College of Law is a not for profit corporation and registered as such with the Minnesota Secretary of State's office.  According to Complaint Exhibit 1, the following is William Mitchell College of Law's agent for service:

>William Mitchell College of Law
>875 Summit Avenue
>St. Paul, MN  55105

Although the policy itself is silent regarding administration and discretionary authority for the Plan, Complaint Exhibit 1, the Summary Plan Description identifies Defendant William Mitchell College of Law as the Plan Administrator.  The long-term disability plan is provided through and administered by the Plan Administrator.

IV.

Defendant UNUM Life Insurance Company of America (hereinafter "UNUM") is a corporation organized and existing under the laws of the State of Maine which conducts and transacts insurance business within the State of Minnesota.  UNUM is not registered as a foreign corporation with the Minnesota Secretary of State's office and has no agent for service of process appointed in the State of Minnesota. UNUM is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota.  UNUM, as a foreign insurance corporation, may be served with process in this action by service upon the Minnesota Commissioner of Commerce pursuant to the Federal Rules of Civil Procedure, Rules 4(e)(1) and 4(h)(1) and Minnesota Statutes §§

543.08 and 45.028, Subd. 2.  The current mailing address UNUM's principal office as registered with the Minnesota Department of Commerce as well as their last known business office as provided in Complaint Exhibit 1 is:

UNUM Life Insurance Company of America
2211 Congress Street
Portland, Maine  04122

Although the policy itself is silent regarding administration and discretionary authority for benefits, the Summary Plan Description identifies Defendant UNUM as the administrator of benefits.

V.

Mr. Shirai was a thirty-five year old active father and husband working as an Administrative Coordinator for William Mitchell College of Law when he became disabled in June of 2009.

VI.

In and prior to June of 2009, Mr. Shirai was insured for long-term disability (LTD) benefits through his employment at William Mitchell College of Law under UNUM's group long-term disability insurance policy number 553416 001 (the "LTD Policy"). This policy has been referenced and provided by UNUM in copies of the claim file documents produced, as provided in ERISA.  A true and correct copy of the LTD Policy is attached as Complaint Exhibit 1, and is incorporated by reference herein.

VII.

The LTD Policy which is the subject of the pending action constitutes an employee welfare benefit plan governed by ERISA, 29 U.S.C. §§ 1001 et seq.

VIII.

Mr. Shirai has been diagnosed with a myriad of health problems which confine him to a wheel chair. His diagnoses include but are not limited to: 1) chronic pain syndrome; 2) idiopathic neuralgia/neuropathy, neuritis and radiculitis; and 3) muscle weakness.

IX.

As a result of his medical conditions, his treating physicians opine that Mr. Shirai's disabling pain and medication side effects not only prevent him from maintaining a sustained effort for more than 30-60 minutes, concentrating on basic tasks and make it very difficult to move about, but also confine him to a power wheelchair because he does not have sufficient stability and upper extremity function to operate a manual wheelchair, cane and walker, nor does he have the requisite strength to operate a power operated vehicle/scooter (POV).

X.

Mr. Shirai's treating physicians have outlined several restrictions and limitations on his activities. His treating physicians agree and opine that his symptoms are quite debilitating for him and he has been disabled from performing full-time work from June of 2009 to the present and continuing, in that he was and is unable to perform all the

material duties of his regular occupation, or of any other reasonable and appropriate occupation, as provided in the LTD Policy, with reasonable continuity on a predictable basis.

XI.

UNUM initially began paying Mr. Shirai disability benefits under the Reservation of Rights in September of 2009. UNUM ceased paying benefits effective January 23, 2010.

XII.

UNUM's decision to terminate Mr. Shirai's LTD benefits was wrongful and in violation of the terms of the UNUM's Policy. In addition, to the extent applicable and without limitation, Defendants' decision to terminate Mr. Shirai's benefits was arbitrary and not supported by substantial evidence.

XIII.

Pursuant to the terms of UNUM's Policy, Mr. Shirai was required to apply for Social Security Disability Benefits or risk an estimated deduction for benefits for which he did not apply.

XIV.

The Social Security Administration determined that, at the age of thirty-six, Mr. Shirai was disabled and entitled to Social Security Disability Insurance (SSDI) benefits as of December 2009, in the amount of approximately $1,004.30 per month. Mr. Shirai also receives benefits for his family from the Social Security Administration. Accordingly,

UNUM is entitled to an offset for benefits in the amount he received from Social Security effective December 2009.

XV.

Mr. Shirai is entitled to a net LTD benefit in the sum of 60% of his monthly earnings minus the original awarded amount from Social Security; from on and after January 23, 2010 to the present, and continuing to age 65 so long as he remains disabled under the LTD Policy.

XVI.

Mr. Shirai has been advised by UNUM that he has exhausted his "administrative" remedies.

XVII.

UNUM's LTD Policy No. 553416 001 (Complaint Exhibit 1) fails to grant UNUM discretionary authority to determine eligibility for benefits or to construe the terms of this ERISA employee welfare benefit plan in the terms of the Policy. Accordingly, Mr. Shirai's claim for LTD benefits is to be determined by this Court's de novo review based upon a preponderance of the evidence.

XVIII.

UNUM ignored evidence past January, 2010 in their decision to deny Mr. Shirai's appeals and therefore failed to adhere to its claim procedure manual in evaluating Mr. Shirai's claims for benefits in violation of ERISA.

WHEREFORE, Plaintiff Moses Shirai demands judgment against UNUM for the sum of his partial long-term disability benefits owing under Defendants' Policy No. 553416 001 (Complaint Exhibit 1) from on and after January 23, 2010 through the date of entry of judgment in this action, together with interest on accrued benefits and attorneys' fees, costs, and disbursements in this action pursuant to 29 U.S.C. §§ 1132(a)(3)(B) and 1132(g)(1) and otherwise as provided by law.

Dated this 15th day of March, 2011.

**BEEDEM LAW OFFICE**

*/s Alesia R. Strand*

_____
Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
200 South Sixth Street, Suite 1450
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF MOSES K. SHIRAI